UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DIQUAN BOOKER,

                              Plaintiff,

        v.                                                  9:22-CV-0600
                                                            (GTS/ATB)

CORRECTIONS SERGEANT FLINT, et al.,

                              Defendants.

_____

APPEARANCES:

DIQUAN BOOKER
Plaintiff, Pro Se
16-A-1691
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

        Plaintiff Diquan Booker commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in

forma pauperis ("IFP").  Dkt. No. 2 ("Compl."); Dkt. No. 6 ("IFP Application").[1]  By Decision

_____

[1] Plaintiff's complaint was originally filed in the Southern District of New York, together with an application to proceed IFP.  *See* Compl.; Dkt. No. 1.  By Order entered on May 31, 2022, the Honorable Laura Taylor Swain directed that this action be transferred to this District.  Dkt. No. 3 ("May 2022 Order").  On June 7, 2022, plaintiff's case was transferred in to this District from the Southern District of New York.  Dkt. No. 4.  On June 9, 2022, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement.  Dkt. No. 5.  Thereafter, plaintiff filed his IFP Application and the inmate authorization required in this District and the Clerk was directed to reopen this action and restore it to the Court's active docket.  *See* Dkt.

and Order filed on August 4, 2022, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed certain claims and found that plaintiff's Eighth Amendment excessive force and failure-to-protect claims against defendants Flint and Murphy survived sua sponte review.  Dkt. No. 9 ("August 2022 Order").

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 19 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and August 2022 Order

In his original complaint, plaintiff alleged that at an unidentified point before his incarceration at Washington Correctional Facility ("Washington C.F."), he turned in "a[n] iPhone charg[er] that [a] dirty bad correction[s] officer gave to [a] [B]lood gang member[,]" which the "gang member" provided to him.  Compl. at 4.  According to plaintiff, this set off a chain of events after he was transferred to Washington C.F. an unidentified number of days later, which included defendant Corrections Officer Murphy "chok[ing]" him and calling him a "rat" on April 27, 2022, while defendant Corrections Sergeant Flint laughed nearby, and defendant Corrections Officer Hobbs laughing after an inmate "punch[ed]" him in the head on April 30, 2022.  *Id*. at 4-5.

The complaint was construed to assert First Amendment retaliation claims and Eighth Amendment excessive force and failure-to-protect claims against each of the named defendants.  *See* August 2022 Order at 5-6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28

Nos. 6, 7, 8.

U.S.C. § 1915A(b), plaintiff's retaliation claims and Eighth Amendment claim against defendant Hobbs were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* August 2022 Order at 6-12.

> **B.     Review of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2022 Order and it will not be restated in this Decision and Order.  *See* August 2022 Order at 2-4.

As with the original complaint, plaintiff's amended complaint asserts claims against defendants Murphy, Flint, and Hobbs based on alleged wrongdoing at Washington C.F.  *See generally*, Am. Compl.  The allegations in the amended complaint are materially similar to the allegations in the original complaint, with two exceptions.  First, plaintiff now alleges that after defendant Murphy "choked" plaintiff, he "told" defendant Flint that "the reason he choked [plaintiff] is because [plaintiff] gave [a] [Sergeant] at the other prison a[n] iPhone charger" that a different corrections official gave to a "Bloods gang inmate[.]"  Am. Compl. at 4.  Second, plaintiff alleges that before he was "punch[ed]" by another inmate on April 29, 2022, defendant Hobbs "gave [that inmate] a head nod yes to do it" and then "did nothing to stop" the assault.  *Id*.

The Court liberally construes the allegations in the amended complaint to re-assert First Amendment retaliation claims and Eighth Amendment excessive force and failure-to-protect claims against each of the named defendants.

3

The amended complaint seeks significant monetary damages.  Am. Compl. at 5.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.    Analysis

#### 1.  Eighth Amendment Claims that Survived Sua Sponte Review

The legal standard governing Eighth Amendment excessive force and failure-to-protect claims was discussed at length in the August 2022 Order, and will not be restated herein.  *See* August 2022 Order at 8-11.

As noted, plaintiff's Eighth Amendment claims against defendants Murphy and Flint survived the Court's review of the original complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  *See* August 2022 Order at 10-12.  The allegations in the amended complaint are not materially different from the allegations in the original complaint with respect to these claims.  Accordingly, and for the reasons set forth in the August 2022 Order, these claims once again survive initial review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

#### 2.  First Amendment Retaliation Claims

The legal standard governing an First Amendment retaliation claims was discussed at length in the August 2022 Order, and will not be restated herein.  *See* August 2022 Order at 6-8.

With respect to defendant Hobbs, the amended complaint alleges only that this official "nod[ded]" at an inmate who subsequently "punch[ed]" plaintiff in the head, and then "did nothing" to stop the assault from occurring.  These allegations do not plausibly suggest that defendant Hobbs (1) was aware, when he "nod[ded]" at the inmate, that the inmate intended

4

to "punch" plaintiff, or (2) had an opportunity to intervene to prevent a single "punch" from occurring.  Furthermore, the Court has no basis to plausibly infer from the allegations in the amended complaint that defendant Hobbs wished for plaintiff to be assaulted because plaintiff previously engaged in protected activity.  In other words, the amended complaint lacks allegations which plausibly suggest that defendant Hobbs (1) was aware that plaintiff engaged in any form of protected activity prior to April 30, 2022, or (2) subjected plaintiff to adverse action.

Similarly, with respect to defendants Murphy and Flint, although plaintiff now alleges that defendant Murphy "told" defendant Flint that "the reason he choked [plaintiff] is because [plaintiff] gave [a] [Sergeant] at the other prison a[n] iPhone charger" that a different corrections official gave to a "Bloods gang inmate[,]" Am. Compl. at 4, plaintiff does not indicate what defendant Murphy specifically said to defendant Flint, or where (or when) this statement occurred.  Nor does plaintiff offer any explanation as to why defendant Murphy might be bothered by plaintiff turning in a cell phone charger at another correctional facility.  In other words, plaintiff's allegation that defendant Murphy assaulted him because he learned about plaintiff's actions at another correctional facility is entirely speculative and conclusory.  Moreover, even assuming that these officials were aware that plaintiff turned in a cell phone charger to a corrections official at another correctional facility at some unidentified point in time, the amended complaint lacks allegations which plausibly suggest that plaintiff's conduct was protected activity.  Indeed, had plaintiff not turned in the charger, and instead been found in possession of it, he likely would have been issued a misbehavior report for the contraband.  Thus, the Court has no basis to plausibly infer that plaintiff's act of turning in the charger was anything other than rule-following to avoid punishment, as opposed to an

expression of constitutionally protected activity. *Cf. Taylor v. Battle*, No. 1:22-CV-509, 2022 WL 3152234, at *4 (W.D. Mich. Aug. 8, 2022) ("Conduct that violates a legitimate prison regulation is not protected under the First Amendment—or any other amendment."); *Hemingway v. Gosa*, No. 1:19-CV-583, 2019 WL 2716167, at *3 (M.D. Pa. June 28, 2019) (noting that an inmate's "refusal to obey an order is not constitutionally protected conduct"); *Welsh v. Correct Care Recovery Sols*., 845 Fed. App'x 311, 319 (5th Cir.), *cert. denied*, 142 S. Ct. 438 (2021).

In light of the foregoing, and for the reasons set forth in the August 2022 Order, plaintiff's First Amendment retaliation claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. Eighth Amendment Claim Against Defendant Hobbs

Insofar as the amended complaint re-asserts an Eighth Amendment failure-to-protect claim against defendant Hobbs based on this official allegedly nodding to an inmate before that inmate punched plaintiff in the head, the amended complaint also alleges that after defendant Hobbs "gave . . . a head nod yes" to the inmate who punched plaintiff, that inmate spoke to "his friend about [the] iPhone charger" and thereafter "punch[ed]" plaintiff in the head. Am. Compl. at 4. Furthermore, the pleading is devoid of allegations explaining (1) what interactions, if any, plaintiff had with defendant Hobbs before this incident, (2) what interactions, if any, plaintiff had with the inmate who punched him in the head before this incident, (3) what complaints, if any, plaintiff made regarding his fears of future harm before this incident, (4) when plaintiff was "punch[ed]" in relation to the alleged "head nod", (5) where defendant Hobbs was located in relation to plaintiff and the other inmate when plaintiff

6

was "punch[ed]" in the head, or (6) what happened after plaintiff was allegedly "punch[ed]" in the head.

Based on the absence of such allegations, and the intervening discussion between two inmates after the alleged "head nod" and before plaintiff was "punch[ed]" in the head, the Court has no basis to plausibly infer that defendant Hobbs was aware, when he allegedly nodded to another inmate, that plaintiff was likely to be assaulted, let alone that the nod was somehow an invitation for the assault to occur.  *See Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994) (holding that to establish a "failure to protect," the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and prison officials acted with deliberate indifference to that risk and the inmate's safety, and noting that deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety"); *Ross v. City of New York*, No. 12-CV-8545, 2014 WL 3844783, at *8 (S.D.N.Y. 2014) (noting that an inmate's communications about "generalized safety concerns" or "vague concerns of future assault by unknown individuals" are insufficient to provide knowledge that the inmate is subject to a substantial risk of serious harm (citing *Rivera v. New York*, No. 96-CV-7697, 1999 WL 13240, at *9 (S.D.N.Y. Jan. 12, 1999)), *rev'd on other grounds*, 610 Fed. App'x. 75 (2d Cir. 2015) (summary order); *Shell v. Brun*, 585 F. Supp. 2d 465, 469-70 (W.D.N.Y. 2008) ("In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough . . . ."); *Fernandez v. N.Y.C. Dep't of Corr.*, No. 08-CV-4294, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (dismissing failure-to-protect claim where the plaintiff alleged that he suffered injuries as a result of an

7

altercation with another inmate, which occurred because a corrections officer "fail[ed] to station herself at her assigned area" because plaintiff had not pled "that he and [his attacker] were involved in a prior altercation, that [the attacker] had previously threatened him, or that there was any other reason for officers at [the facility] to be on notice that there was a risk of altercation between [the] [p]laintiff and [his attacker]").  In addition, because the amended complaint alleges that the assault was limited to a single punch in the head, the Court has no basis to plausibly infer that defendant Hobbs could have prevented the incident from occurring.  *See, e.g., Dean v. New York City*, No. 15-CV-8825, 2017 WL 3670036, at *4 (S.D.N.Y. July 6, 2017) (denying as futile leave to amend to add failure-to-intervene claim against corrections official where the proposed amended complaint was "devoid of any factual allegations against P.O. Myers with respect to the failure to intervene claim, such as, for example, where P.O. Myers was located and what she was doing when P.O. Baksh pepper sprayed the plaintiff's face"); *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 342 (N.D.N.Y. 2010) ("The liquid throwing incident began and ended within a matter of seconds, an increment of time too 'sudden and brief' to give Defendants a 'realistic opportunity' to respond and intervene on behalf of the Plaintiff."); *Rosen v. City of New York*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) ("In the context of a failure to intervene claim, an officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate without risk to himself, yet fails to intervene.").  Thus, as with the original complaint, the amended complaint lacks allegations sufficient to satisfy the subjective element of plaintiff's Eighth Amendment claim against defendant Hobbs.

Accordingly, and for the reasons set forth in the August 2022 Order, plaintiff's Eighth

Amendment claim against defendant Hobbs is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be

granted.

**III.     CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative

pleading; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against defendants Murphy and

Flint once again **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that all remaining Section 1983 claims are **DISMISSED without prejudice**

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim

upon which relief may be granted; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by defendants

Murphy and Flint, or their counsel, as provided for in the Federal Rules of Civil Procedure;

and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action

must bear the case number assigned to this action and be filed with the Clerk of the United

States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S.

Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the

Clerk's Office for any documents that are necessary to maintain this action.  All parties must

comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will

be decided on submitted papers, without oral argument, unless otherwise ordered by this

Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: November 14, 2022
       Syracuse, NY

Glenn T. Suddaby
U.S. District Judge