UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIQUAN BOOKER,

                             Plaintiff,

    v.                                                               9:22-CV-600
                                                                        (GTS/ATB)

FLINT, et al.,

                             Defendants.
_____

DIQUAN BOOKER, Plaintiff pro se
RACHAEL OUIMET, Asst. Attorney General, for Defendants

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Currently pending before this court is plaintiff's motion for summary judgment (Dkt. No. 49), which was referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, United States District Judge.  Defendants also recently filed a motion for summary judgment, on administrative exhaustion grounds, which the district court denied in its June 1, 2023 decision and order adopting my April 11, 2023 order and report-recommendation in its entirety.  (Dkt. Nos. 52, 62).  Plaintiff's allegations as stated in his amended complaint were set forth in my April 2023 order and report-recommendation, and thus will not be restated here.  For the following reasons, the court recommends denying plaintiff's motion for summary judgment as premature.

1

I. **<u>Summary Judgment</u>**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

"The district court considering a summary judgment motion . . . must . . . be 'mindful of the underlying standards and burdens of proof . . .'" *U.S. S.E.C. v. Meltzer*, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (citations omitted). Where a plaintiff is moving for summary judgment, he bears a much greater initial burden and "must show that the evidence supporting its claims is so compelling that no reasonable jury could return a verdict for the defendant." *Id. Accord, McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 273 (E.D.N.Y. 2011). "Where a plaintiff uses a summary judgment motion . . . to challenge the legal sufficiency of an affirmative defense--on which the defendant bears the burden of proof at trial--a plaintiff 'may satisfy its Rule 56 burden by showing that there is an absence of evidence to support an essential element of the non-moving party's case.'" *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citation omitted).

## II. Discussion

It is unclear whether plaintiff's motion for summary judgment is specific to the issue of his exhaustion of administrative remedies, or seeks summary judgment on the merits. In his motion, plaintiff "request[s] 5 billion dollars" from the defendants because he was "almost killed" by defendant C.O. Murphy when he "choked [plaintiff] almost to death." (Dkt. No. 49 at 1). Plaintiff also argues that he was "told not to grieve" C.O. Murphy's assault, and was "told it will be retaliation." (*Id.*). Defendants argue that plaintiff's motion should be denied because it fails to comply with the Local Rules for the Northern District of New York as they pertain to motions for summary judgment, and is premature as no discovery has been conducted.

The court agrees that plaintiff's motion for summary judgment is premature and must therefore be denied. Summary judgment is a "drastic device" and " 'should not be granted when there are major factual contentions in dispute," "particularly . . . when, as here, one party has yet to exercise its opportunities for pretrial discovery.' " *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 83 (2d Cir. 2018) (quoting *Nat'l Life Ins. Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975)). A district court should only grant summary judgement " '[i]f after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.' " *Hellstrom v. U.S. Dep't of Veteran Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996)); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (citation and internal quotation marks omitted)). "Only in the rarest of cases may summary judgement be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Hellstrom*, 201 F.3d at 97; *see also United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 139 n.21 (S.D.N.Y. 2015) (noting that "courts disfavor summary judgment motions made prior to the completion of discovery").

As defendants note, they have yet to file an answer to plaintiff's amended complaint. Moreover, deadlines for pretrial discovery are to be reset pending the outcome of the various dispositive motions filed in this matter. (Dkt. No. 43). To the extent plaintiff seeks summary judgment as to whether he exhausted his administrative

4

remedies, this court has already determined that there are unresolved issues of material fact regarding the availability of administrative remedies, and that discovery is warranted prior to a finding with respect to this issue. (Dkt. Nos. 52, 62). Plaintiff has not presented any argument for "why this is one of the 'rarest of cases' where summary judgement may be granted against a [party] who has not been afforded the opportunity to conduct discovery." *King v. Wenderlich*, No. 14-CV-6491, 2016 WL 4678998, at *2, (W.D.N.Y. Sept. 7, 2016) (quoting *Hellstrom*, 201 F.3d at 97). Thus, because plaintiff's motion was filed before the parties have engaged in any discovery, his motion for summary judgement is premature. *See Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 8 (N.D.N.Y. 2000) (collecting Second Circuit cases denying summary judgment motions as premature where there was not "a fully adequate opportunity for discovery at the time the moving party sought summary judgment" (internal citation omitted)).

The court also agrees that in addition to being premature, plaintiff's motion does not comply with Local Rule 56.1, which requires a party moving for summary judgment to submit a "Statement of Material Facts." N.D.N.Y. L.R. 56.1(a) (formerly N.D.N.Y. L.R. 7.1(a)(3)). The Statement of Material Facts

> shall set forth, in numbered paragraphs, a short and concise statement of each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits.

*Id*. Additionally, "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *Id*. Although plaintiff has included with his motion a page entitled "Statement of Facts," it does not comply with the form required of Rule 56.1(a), nor does it cite to specific portions of the record which establish plaintiff's factual assertions. (See Dkt. No. 49-1 at 2). This failure constitutes an independent basis on which to deny plaintiff's motion. Despite plaintiff's status as a pro se litigant, and the court's willingness to "make reasonable allowances to protect [him] from inadvertent forfeiture of important rights because of [his] lack of legal training," *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted), his pro se status does not relieve him of the "requirement to follow the procedural formalities of Local Rule [56.1(a)]," *McZorn v. Endicott Police Dep't*, No. 06-cv-33, 2008 WL 163581, at *2, (N.D.N.Y. Jan. 16, 2008).

Based on the foregoing, the court recommends that plaintiff's motion for summary judgment be denied as premature, and for failure to comply with the applicable Local Rules. Plaintiff is advised that, going forward, his submissions must comply with the Federal Rules of Civil Procedure and the Local Rules.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that plaintiff's motion for summary judgment (Dkt. No. 49) be **DENIED,** and it is further

**ORDERED** that copies of this Order and Report-Recommendation be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 8, 2023

*Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge