UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DIQUAN BOOKER,

        Plaintiff,

      -v-                               9:22-CV-600 (AJB/MJK)

SGT. FLINT and
OFFICER MURPHY,

        Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

DIQUAN BOOKER
Plaintiff, Pro Se
16-A-1691
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                      ALEXANDRA L. GALUS, ESQ.
New York State Attorney General          Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On May 17, 2022, *pro se* plaintiff Diquan Booker ("plaintiff"), an individual being held in the custody of the New York State Department of Corrections and Community Supervision, filed this 42 U.S.C. § 1983 action alleging that corrections officers violated his civil rights at Washington Correctional Facility. *See* Dkt. No. 2. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 1.

Because plaintiff had mislaid venue for this civil action in the U.S. District Court for the Southern District of New York, it was *sua sponte* ordered transferred to the Northern District of New York, where it was assigned to then-Chief U.S. District Judge Glenn T. Suddaby. Dkt. Nos. 3, 4. After Chief Judge Suddaby granted plaintiff's IFP Application, Dkt. No. 9, plaintiff filed an amended complaint, Dkt. No. 19, and, based upon an initial review of that amended pleading, defendants Flint and Murphy were directed to respond to plaintiff's § 1983 excessive force and failure-to-protect claims, Dkt. No. 22. Plaintiff's other claims were dismissed. *Id*.

In lieu of an answer, defendants moved for summary judgment. Dkt. No. 24. Plaintiff, in turn, moved for summary judgment, too. Dkt. No. 49. After those motions were fully briefed, U.S. Magistrate Judge Andrew T. Baxter advised by Report & Recommendation ("R&R") that both motions should be denied as premature. Dkt. Nos. 52, 64. Judge Suddaby adopted those R&Rs without objection. Dkt. Nos. 62, 67. Thereafter, defendants answered the remaining claims in plaintiff's amended complaint. Dkt. No. 65. The case was later referred to U.S. Magistrate Judge Mitchell J. Katz for pre-trial purposes. Dkt. No. 73.

The matter was soon stayed for mediation. Dkt. No. 74. But within days of the court order imposing a mediation stay, plaintiff filed a second motion for summary judgment. Dkt. No. 75. Judge Katz suspended the briefing deadlines on this motion pending the outcome of mediation. Dkt. No. 77. When mediation proved fruitless, Dkt. No. 84, the parties briefed plaintiff's second motion for summary judgment, Dkt. Nos. 86, 89, 93.

On November 13, 2024, Judge Katz advised by R&R that plaintiff's motion should be denied. Dkt. No. 99. There, Judge Katz explained that the parties' dueling submissions raised genuine issues of material fact that precluded him from awarding judgment to plaintiff as a matter of law. *See id*.

Plaintiff has lodged objections. Dkt. No. 100. Broadly speaking and liberally construed, plaintiff's filings dispute the veracity of defendants' submissions. *See id*. For instance, plaintiff asserts that he "was almost killed by Officer Murphy" and "could not get medical attention right after" the alleged violations of his civil rights. *Id*. Likewise, plaintiff argues that there is ample evidence of defendants' "personal involvement" in the alleged constitutional violations. *See id*.

The matter has recently been reassigned to this Court for further proceedings. Dkt. No. 101. Upon *de novo* review, Judge Katz's R&R will be accepted and adopted. *See* 28 U.S.C. § 636(b)(1)(C). As Judge Katz correctly explained, the parties' submissions establish issues of fact that cannot be resolved using the summary judgment mechanism. Dkt. No. 100 at 7 ("Issues of form aside, the competing submissions rest on the credibility of plaintiff on one hand and defendants on the other."). Accordingly, plaintiff's second motion for summary judgment must be denied.

The Court notes that there is a factual dispute over whether plaintiff exhausted his prison administrative remedies before bringing his § 1983 claims in this federal-court action. To fully and properly exhaust, the prisoner-plaintiff must complete the administrative process set out in the applicable state law.[1] *Jones v. Bock*, 549 U.S. 199, 218–19 (2007). However, exhaustion may be excused if the administrative remedies were "unavailable." *Ross v. Blake*, 578 U.S. 632, 640 (2016); *Williams v. Priatno*, 829 F.3d 118, 123–24 (2d Cir. 2016) (defining "unavailable").

As relevant here, defendants' pre-discovery motion for summary judgment was based on plaintiff's alleged failure to fully and properly exhaust. Dkt. No. 24. Judge Baxter advised by R&R that this argument be rejected, at least at that time, because plaintiff's filings "thin[ly]" alleged that prison administrative remedies might have been "unavailable" to him; *i.e.*,

---

[1] New York law imposes a three-tiered grievance process. N.Y. COMP. CODES R. & REGS., tit. 7 § 701.

defendants allegedly told plaintiff that they would "murder" him if he grieved their misconduct. Dkt. No. 52.

Judge Baxter concluded that an evidentiary hearing on this issue might be appropriate after "some limited discovery into the issue of exhaustion is conducted." Dkt. No. 52 at 11. In the alternative, Judge Baxter suggested that, because defendant Murphy's alleged assault was intertwined with the exhaustion issue, "it may be more efficient to delay an exhaustion hearing until all discovery is completed and/or for the district court to address the exhaustion issue based, in part, on trial testimony." *Id*. at 11 n.5.

Judge Suddaby adopted Judge Baxter's R&R but did not make an explicit finding on the proper scope of discovery to be conducted. *See* Dkt. No. 62. Thereafter, Judge Suddaby granted defendants' request for an exhaustion hearing but did not schedule it at that time.[2] Dkt. No. 92. Because the dispositive motion filing deadline has since expired, *see id*., and in light of the fact that plaintiff's second summary judgment motion will be denied, this matter appears ripe for an exhaustion hearing. Accordingly, the Clerk of the Court will be directed to assign plaintiff *pro bono* counsel. Because this process will likely take several weeks or more, *see* N.D.N.Y. L.R. 83.2, a scheduling order will not be issued until after the *pro bono* assignment is made.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 99) is ACCEPTED;

2. Plaintiff's second motion for summary judgment (Dkt. No. 75) is DENIED;

---

[2] In *Messa v. Goord*, the Second Circuit held that factual disputes regarding exhaustion may be decided by the trial court with an evidentiary hearing. 652 F.3d 305 (2d Cir. 2011). Because it is unclear from a review of the docket, defendants' counsel will be directed to file a status report explaining whether discovery in this action was limited to the issue of exhaustion or has been completed as to all matters.

- 5 -

3. The Clerk of the Court is directed to assign *pro bono* counsel to plaintiff for purposes of an exhaustion hearing; and

4. **On or before Friday, February 7, 2025**, defendants' counsel shall file a brief status report indicating whether discovery in this action was limited to the issue of exhaustion or has been completed as to all matters.

The Clerk of the Court is directed to terminate the pending motions and set a deadline for the status report. A scheduling order will be issued after the *pro bono* assignment is made.

**IT IS SO ORDERED.**

Dated: January 28, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge